CHANDLER *v.* STATE FARM MUT. AUTOMOBILE INS. CO.

(In Banc. Jan. 13, 1947.)

[28 So. (2d) 571. No. 36260.]

Bell & McBee, of Greenwood, for appellant.

**Lipscomb & Davis,** of Jackson, and **Alfred Stoner,** of Greenwood, for appellee.

Argued orally by **A. H. Bell**, for appellant, and by **Hubert Lipscomb**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Appellant filed this bill in equity seeking to recover a personal decree against appellee in the sum of $1,250, the amount of damage to an automobile resulting from a train collision, and which automobile was owned by Laurance N. Chandler, Jr., and which was covered by an insurance policy issued by the appellee. The collision occurred March 12, 1945, and Mr. Chandler was killed. The suit was brought in chancery because the policy had been lost and the bill asked for discovery and production of the policy. The defendant answered and by special plea in the answer claimed its release from liability on the automobile policy because of the acts and conduct hereinafter set out. The Chancellor sustained the plea and dismissed the bill, from which decree this appeal is taken.

The insurance policy contains this provision: "Subrogation. In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights."

The accident occurred at a crossing of the Missouri Pacific Railroad tracks at Montrose, Arkansas. Shortly after the accident appellee Insurance Company offered to

pay the automobile damage claimed by appellant and submitted for execution its regular form of subrogation. Appellant declined to accept the settlement and execute the subrogation. That was because the attorney for appellant was uncertain whether separate actions could be brought in Arkansas for the personal damage growing out of the death of Mr. Chandler and that resulting to the automobile, being fearful that an assignment to the Insurance Company of the claim against the Railroad for damage to the automobile would preclude appellant from recovering from the Railroad for the personal damage resulting from the death of Mr. Chandler.

Thereafter appellant and the Railroad agreed upon a settlement, subject to the approval of the Arkansas Court, under which the Railroad Company was to pay $948 for funeral expenses and $11,552 for the benefit of the widow and two minor children of decedent, a total of $12,500, in full settlement of all claims and causes of action of every nature and kind against the defendant Railroad growing out of the foregoing accident, but that the Railroad was not liable for any damage to the automobile.

Pursuant to this agreed settlement counsel for appellant prepared a complaint against the Missouri Pacific Railroad claiming a total damage, personal and property, of $27,488. Appellant and her counsel, both of whom resided at Greenwood, Mississippi, went to Little Rock, Arkansas, where this complaint was filed in the Pulaski County Circuit Court August 29, 1945. Counsel for the Railroad met them there and immediately filed his answer to the complaint. Both counsel announced the settlement to the trial judge, who approved it and entered a judgment accordingly. The judgment recited that the Railroad had paid in open court the $12,500 and the cost of the suit and ordered that judgment "be entered of record as a full, satisfied and discharged judgment, and that the defendant be and he is hereby discharged from all further liability herein."

No testimony was adduced on this hearing. It appears that statements were made to the trial judge by the attorneys in the case and by the claim agent of the Railroad who investigated the circumstances of the accident. The claim agent, of course, did not see the accident and had no personal knowledge of any of the facts surrounding it. In other words, there was no proof whatever as to whether Chandler was or was not guilty of contributory negligence. All papers were filed and the judgment entered on the same day, the entire proceedings consuming about one hour. The parties assumed that Chandler was negligent and the settlement and judgment of the court rested on that assumption. The attorneys and the trial judge were under the erroneous assumption that contributory negligence of the plaintiff precluded his recovery in Arkansas for property damage, based on negligence of defendant. It appears that previously this had been the rule in Arkansas, but that the Legislature had theretofore enacted a statute, effective March 25, 1945, ten days before this accident and almost six months before this settlement and proceeding, changing this rule and apportioning the amount of recovery in proportion to the extent of the negligence of the plaintiff and defendant.

Immediately after taking the foregoing judgment, and on the same occasion, the appellant executed to the Missouri Pacific Railroad Company a full release, discharge and acquittance of the Railroad from all suits, actions, causes of action, judgments, claims and demands of every kind, class and character "growing out of or in any manner resulting from the above described accident, whether the same was the result of negligence on the part of the said Railroad, its trustee, agents, servants, employees, or otherwise."

On September 5, 1945, about seven days after the Arkansas Court proceeding took place, counsel for appellant wrote the Insurance Company a letter informing it of the filing of this suit in Arkansas and the result thereof, saying that the Railroad Company had offered to pay the

$12,500 "in full settlement of mental and physical pain and suffering and death, and nothing for the automobile, which the administratrix had agreed to accept and the judgment was rendered accordingly," demanding payment of the automobile damage, and informing the Insurance Company the administratrix was ready to sign the subrogation instrument, which had been left with and was then in the files of the attorney for appellant. In that letter counsel for appellant, after stating the administratrix was ready to sign the subrogation, frankly said, "but I must tell you that it is worthless." It is thus seen the Insurance Company first offered to pay the claim, and appellant declined to accept settlement and execute the subrogation which the policy obligated her to execute upon settlement being made. She agreed upon a settlement with the Railroad Company based upon her assumption that Chandler was guilty of such negligence as precluded a recovery for property damage. The issue of liability of the Railroad for such property damage was not contested or adjudicated. The assumption of the legal effect of contributory negligence on the part of Chandler, if in fact such negligence did exist, was erroneous. The Insurance Company had the right to have the question of fact and the liability of the Railroad contested in and adjudicated by the Court. The regular form of subrogation receipt "warranted that no settlement had been made by the undersigned with any person of corporation against whom a claim may lie and no release has been given to anyone responsible for the loss . . .," and warrants that no such settlement or release will be made or given with or to such person. In such subrogation the claimant agrees to furnish all papers and documents and to attend court and testify if the insurer deems such to be necessary. It is inescapable that the subrogation which appellant offered to execute to the Insurance Company after the foregoing settlement was consummated was, as stated by her able counsel, worthless. It was worthless because appellant had made an unjustified settlement for

the property damage, the subject of the insurance, and had acquitted and released the tort feasor causing the damage of all claims of every kind and character resulting from the tort. She had a right to bring the suit in Arkansas and her actions are binding on her and on the Insurance Company claiming under the subrogation from her.

While it is stated the agent of the Insurance Company knew, or had reason to believe, appellant would bring suit against the Railroad Company if no settlement were had, yet it is not claimed the agent knew anything of the details of the negotiations between appellant and the Railroad, or that said suit had been brought, or the result of it, until after the Arkansas proceedings.

Under these conditions we think the principles announced in the case of Farmer v. Union Ins. Co. of Indiana, 146 Miss. 600, 111 So. 584, are controlling against appellant. In that case the insured automobile was struck by a train, causing its destruction by fire, and also causing personal injuries to Farmer, the owner and insured. While the suit was pending Farmer amended his declaration eliminating the claim for damage to the automobile and an agreed judgment was then rendered in his favor against the Railroad Company for personal injuries, "which he has collected, thereby releasing the Railroad Company from liability for the destruction of the automobile and rendering inoperative the subrogation clause of the insurance policy, because of which the Insurance Company is relieved from liability on the policy." The Court said the Insurance Company was released "for the reason that the settlement made by Farmer with the Railroad Company was at the end of a lawsuit in which both the Railroad's interest and his were fixed by a judgment to which the law attaches certain legal consequences . . ." It is true that case involved the splitting of actions, but the fact the action could not be split under the circumstances of that case was merely given as one reason why the plaintiff had released the Railroad from liability for

damage to the automobile. The pertinent principle there announced which is applicable to the case at bar is that when an insured without consent of the insurer releases a railroad company from liability for damage to an automobile, thereby destroying the rights of the insurer as subrogee, contrary to the provisions of the policy, the insurer is thereby released from liability to the insured. The case at bar reduces itself to the specific point in the principle just announced. Appellant was vested with the right of action and of recovery against the Missouri Pacific Railroad Company for damage to the automobile. She waived that right and released the Railroad from liability. She assumed Chandler was negligent as a fact, without any proof being made upon that question, although the settlement and judgment for personal damage growing out of the same acts, was upon the assumption the Railroad was negligent. Based upon that assumption of fact was the further erroneous legal assumption that his negligence precluded his recovery. The insurer was not a party to this arrangement and did not consent to it. The duty on the insurer to pay carries the corresponding duty on the insured to transfer and assign to the insurer, unimpaired, all of the insured's rights against the person causing the damage. The insured here proposes to assign the insurer what is admitted to be a worthless claim.

Some confusion has resulted from the injection into this case of the doctrine of splitting actions. Appellant did not accept the money for the property damage and execute the subrogation because she feared her right to recover personal damage might be affected. The gravaman of this case is, not that she refused to execute the subrogation, but that she, by agreement, waived all claim for property damage, the subject of the insurance, and released and acquitted the Railroad from all liability therefor, and rendered the claim of the Insurance Company worthless against the Railroad, without the consent of the insurer.

We might add that we have made no effort to ascertain what the doctrine of splitting actions in Arkansas was when appellant refused to execute the subrogation to appellee and when she settled with the Railroad Company. Counsel say they have made no such effort and do not know. We think it immaterial in this case. For the doctrine in Mississippi see Farmer v. Union Ins. Co., supra, and Underwriters at Lloyd's Ins. Co. v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455, 51 L. R. A. (N. S.) 319.

Affirmed.

**Sydney Smith, C. J.,** did not participate in this decision.