GARRETT *v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

No. 41260          November 2, 1959          115 So. 2d 527

*Thomas K. Holyfield; Williamson, Williamson & Smith,* Meridian, for appellant.

*Dunn & Singley,* Meridian, for appellee.

HOLMES, J.

The appellant, J. I. Garrett, who was plaintiff in the court below, prosecutes this appeal from a judgment of

the Circuit Court of Lauderdale County, Mississippi, sustaining a plea of res judicata filed by the appellee, Mississippi State Highway Commission, who was the defendant in the court below. The sole question presented on this appeal is whether the Circuit Court of Lauderdale County erred in sustaining the plea of res judicata. We deal with this question in the light of the facts as disclosed by the record.

On April 30, 1954, William N. Hamilton, John T. Hamilton, Sr., John T. Hamilton, Jr., and James David T. Hamilton were the owners of certain land with the building and improvement thereon located in the City of Meridian, fronting approximately 300 feet on Bailey Avenue, 50 feet on Hamilton Street, and having a mesne depth of approximately 200 feet, and being the property generally known as the Long Horn Drive-In Restaurant property. On that date the owners of said property entered into a lease agreement with the appellant and Frederick W. Kahlmus where by the owners of said property leased the same to the appellant and Kahlmus for a term of ten years, with an option to renew for an additional term of ten years or purchase the property. Thereafter on August 4, 1954, the appellant and the said Kahlmus dissolved the partnership theretofore existing between them in the operation of the said Long Horn Drive-In Restaurant. The dissolution of said partnership was evidenced by writing, and under the terms thereof, the appellant assumed all liabilities of the partnership and acquired all of the assets thereof, including the said Kahlmus' one-half leasehold interest in said property, and the appellant thereby became the owner of the entire leasehold interest in said property. Thereafter, the Mississippi State Highway Commission reconstructed U. S. Highway 11 and U. S. Highway 80, generally known as Tom Bailey Drive, and constructed a cloverleaf at the intersection of U. S. Highway 11, 80 and 45 and 22nd Avenue in the City of Meridian, Mississippi.

On August 31, 1957, the appellant individually and as the assignee of Frederick W. Kahlmus, filed a declaration in the Circuit Court of Lauderdale County alleging himself to be the owner of the entire leasehold interest in said property, and seeking to recover damages alleged to have been sustained by him as the result of the aforesaid highway construction. The declaration was docketed and filed as cause No. 6059 on the general docket of the Circuit Court of Lauderdale County, Mississippi, and named as defendants therein the Mississippi State Highway Commission and the City of Meridian. The record does not disclose what disposition of the case was made insofar as concerns the City of Meridian, but discloses that the suit proceeded to judgment as between the appellant and the Mississippi State Highway Commission.

The declaration charged that the appellant had sustained damages to his aforesaid leasehold interest in that a change of grade had been effected in the vicinity of said property interfering with the drainage thereof, and in that said construction had interrupted and caused to be discontinued certain accesses and approaches to said property, and had thereby caused depreciation in the value of the leasehold interest in said property, and had caused the appellant to sustain large losses in profits in the operation of the aforesaid drive-in restaurant.

The appellant alleged in his declaration filed in said cause No. 6059 that he acquired the one-half leasehold interest of Frederick W. Kahlmus by written assignment, and alleged that a copy of said writing was attached to and made an exhibit to the declaration, but in fact said written instrument was not attached and exhibited to said declaration.

On the trial of the case in cause No. 6059, the appellant, in seeking to establish his title to his alleged leasehold interest in said property, undertook to introduce in evidence the aforesaid written assignment executed by the said Kahlmus, and objection by the defendant, Mis-

sissippi State Highway Commission, was made thereto and sustained by the court upon the ground that said written assignment had not been attached to and filed as an exhibit with the declaration. The appellant made no motion for leave to amend his declaration by filing with and exhibiting the said assignment to the declaration, and made no motion for a non-suit, and the cause proceeded to trial. In that state of the case, there was no proof of the appellant's ownership of more than his original one-half leasehold interest and the Mississippi State Highway Commission requested and was granted an instruction instructing the jury for the defendant, Mississippi State Highway Commission, that the plaintiff, J. I. Garrett, had only a one-half leasehold interest in said property. The case was submitted to the jury and the jury returned a verdict for the defendant, and judgment was entered accordingly, and no appeal therefrom was prosecuted by the appellant, J. I. Garrett.

Thereafter on September 2, 1958, the appellant instituted another suit against the Mississippi State Highway Commission as the sole defendant, alleging that he was the owner by assignment from Kahlmus of a one-half leasehold interest in said property, and alleging that he had sustained damages to said one-half leasehold interest as a result of the same highway construction as was set forth and complained of in the original declaration filed in cause No. 6059. In other words, the appellant sought by this last suit, which was docketed as cause No. 6224 on the general docket of the Circuit Court of Lauderdale County, to recover damages to said one-half leasehold interest only, based upon the same cause of action, whereas in the first suit he claimed to be the owner of the entire leasehold interest in said property, and sought the same type and character of damages to said entire leasehold interest. The two cases are between the same parties and manifestly involve the same subject matter and the same cause of action.

To this second suit the appellee filed a plea of res judicata, pleading the former judgment in bar of the second suit, and this plea was sustained by the trial court.

It is the contention of the appellee that the second suit seeks to relitigate the same cause of action and subject matter as was involved in the first suit. The appellant contends that while he claimed in the first suit damages to the entire leasehold interest in said property, including that which he originally acquired and that which he subsequently acquired by assignment from Kahlmus, appellant was in the first suit precluded from establishing his ownership to the one-half leasehold interest assigned to him by Kahlmus by the action of the appellee in objecting to and causing to be excluded the written assignment executed by Kahlmus to the appellant. We think this contention of the appellant cannot be successfully maintained. To do so would be to permit the appellant to split up into two causes of action and sue by piecemeal on a demand which is in its nature entire and indivisible. When the court sustained in the first trial the objection of the appellee to the introduction of the assignment, the appellant could have asked leave to amend his declaration so as to be permitted to exhibit and attach thereto the written assignment or he could have moved the court for a non-suit, and thus availed himself of the right to litigate the question of the claimed damages to the entire leasehold interest, or he could have prosecuted an appeal from the judgment rendered in the first suit.

The action of the trial court in sustaining the plea of res judicata is well supported by the authorities.

In 50 C. J. S., Judgments, Section 661, it is said: "Where a demand or right of action is in its nature entire and indivisible, it cannot be split up into several causes of action and sued piecemeal, or made the basis of as many separate suits; hence, a judgment on the

merits as to one part will bar a subsequent action for the whole, the residue, or another part. Neither can a party, by assigning a part of his claim to another, divide an entire cause of action so as to sustain more than one suit on it. . . ."

In the case of State, for use of City of Aberdeen, v. Board of Supervisors of Monroe County, et al., 188 Miss. 636, 196 So. 253, the Court said:

"It is the policy of law to have all matters settled in one suit, and to avoid a multiplicity of suits. Where, as here, the demands in the first suit could have embraced all the demands on the part of the municipality, that course should have been pursued, bringing in all the necessary parties thereto so that a complete adjudication of all pertinent matters could have been made in one suit."

In 50 C. J. S., Judgments, Section 657, it is said: "A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. In other words, he must present his whole case, extending his claim so as to embrace everything which properly constitutes a part of his cause of action or defense, and cannot bring a new suit to recover something more on the same cause of action."

In the case of Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So. 2d 476, the court sets forth the essentials necessary to constitute res judicata as (1) identity in the thing sued for; (2) identity in the case of action; (3) identity of persons and parties to the action, and (4) identity of quality of the persons for or against whom the claim is made.

In the case of Lyle Cashion Company v. McKendricks, 227 Miss. 894, 87 So. 2d 289, the Court said: "The doctrine of res judicata has two aspects: (1) Merger of the cause of action into the judgment, or as a bar precluding a party from maintaining another action on the same cause of action irrespective of what issues were litigated or determined in the former action, and (2) the principle of collateral estoppel which precludes relitigation in another action of a specific question actually litigated and determined by and essential to the judgment, even though a different cause of action is the subject of the subsequent proceeding."

We think this case falls squarely within the principles enunciated in the authorities above referred to. Prior to the bringing of either of the suits, the appellant had become the owner of the entire leashold interest in said property. In both suits, he complains of the same type and character of damages to the leasehold interest. That which he seeks to litigate in both suits is the liability of the Mississippi State Highway Commission for the damages alleged to have resulted to the leasehold interest in said property. It is manifest that, being the owner of the entire leasehold interest, he could not have originally brought two suits, one for damages to his original one-half leasehold interest acquired under the lease agreement, and the other to the one-half leasehold interest acquired by him from Kahlmus. This would have been to split his cause of action, and this, under the authorities, is not permissible. He sought in the first suit to recover damages to the entire leasehold interest, and having failed in that, he now in the present suit seeks to recover damages to a one-half leasehold interest, alleging such damages to be of the same type and character, and caused by the same acts of the Mississippi State Highway Commission. Clearly, under the authorities cited, the judgment rendered in the first action constitutes a bar to the second action, and the trial judge

was eminently correct in sustaining the plea of res judicata. The judgment of the court below is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.