BRADY, Justice:
This is an appeal from the Circuit Court of Wayne County, Mississippi, wherein a final judgment was entered by the circuit court on the affirmative defenses contained in the appellee’s answer. From that judgment this appeal is taken.
Prior to January 25, 1969, the appellant stored certain items of personal property in the warehouse of Harper Transfer & Storage Company in Laurel, Mississippi. At the time of storage these items were insured for $7,500 with the appellee, Aetna Insurance Company. The property was insured under Advice of Insurance No. 242 which was issued pursuant to open policy number IM 173402.
On January 25, 1969, a train derailment resulted in an explosion and fire which destroyed all of the insured items belonging to the appellant. On October 10, 1969, the appellant negotiated a settlement of the loss with the Alabama Great Southern Railroad Company and, in consideration of the payment of $24,250 by the railroad company, the appellant executed to the Alabama Great Southern Railroad Company a full and complete release, releasing, acquitting and forever discharging the Alabama Great Southern Railroad Company, its agents, servants and employees, together with all other subsidiaries of the Southern Railway System, and any and all other persons, firms and corporations, for all damages resulting from the accident complained of, to all property owned by the appellant.
After the settlement of the claim with the railroad, the appellant then made demands on Aetna Insurance Company for payment of the amount of its policy, being $7,500. The appellee declined payment and the appellant initiated this suit. The trial judge heard the case on the pleadings and rendered a final judgment in favor of the appellee upon the affirmative defenses of the appellee. From that judgment this appeal is taken.
The issue in this case is very limited and can be stated tersely as follows: Does the insured have the right to recover from the insurer the amount of the policy when the insured, without consent of the insurer and in violation of the terms and conditions of the policy, receives payment from a third party to whom a release has been given, thereby destroying the insurer’s right of subrogation in violation of the terms and conditions of the policy ? This issue is conclusively settled in the following cases: Twin States Insurance Company v. Bush, 183 So.2d 891 (Miss. 1966); Chandler v. State Farm Mutual Automobile Insurance Company, 200 Miss. 702, 28 So.2d 571 (1947); and Farmer v. Union Insurance Company of Indiana, 146 Miss. 600, 111 So. 584 (1927).
The law has long been established in the state of Mississippi that when there is in the insurance contract a subrogation right and the insured releases the person whose negligence is the proximate cause of any damage to the insurable interest and thereby the insurer is prohibited from proceeding against the tort-feasor, the insured has no further rights to proceed against the insurer. The insured, by executing the release in the case at bar, not only completely released the Alabama Great Southern Railroad Company, its agents, servants and employees together with all other subsidiaries of the Southern Railway System, but also released “any and all other persons, firms and corporations” from all damages resulting from the accident complained of to all property owned by the appellant. Thus the insurer was denied its contractual subrogation rights. The right to contract is precious and sacred to human endeavor, and a valid contract is binding on the parties thereto.
*208 The appellant, in settling his claim for three times the amount he designated as being the value of his property, violated the express terms of the insurance contract. Now, he desires, nevertheless, to recover, in complete disregard of this violation which he committed, and to recover a sum total of four times his estimated value of his property. The violation of the contract by the appellant in this case prevents him from any recovery against the appellee.
For the foregoing reasons, the judgment of the Circuit Court of Wayne County is affirmed.
Affirmed.
GILLESPIE, P. J„ and RODGERS, PATTERSON and SMITH, JJ., concur.