Tony J. SMITH, Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, Defendant.

Civ. A. No. J84–0925(W).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 22, 1988.

Affirmed, 863 F.2d 403.

---

Paul Snow, Jackson, Miss., for plaintiff.

James D. Holland, Jackson, Miss., Kenneth R. Shuttleworth, Memphis, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

The questions addressed herein are twofold: whether plaintiff policyholder violated a valid exclusionary clause contained in insurer's policy which protected insurer's subrogation rights by requiring policyholder to secure written permission from insurer before policyholder could settle with any tortfeasor; and whether plaintiff by filing a prior lawsuit on the policy for medical benefits is now barred recovery for uninsured motorist coverage on this same policy because he has split his cause of action. These questions were submitted to the Court for decision on trial briefs, stipulations of facts, and oral arguments of counsel.[1] Having contemplated and weighed the submissions of counsel, this Court answers both questions against plaintiff and finds for the defendant.

The parties to this diversity lawsuit are Tony J. Smith and Safeco Insurance Company of America. The plaintiff, Tony J. Smith, is an adult resident citizen of Mississippi. The defendant, Safeco Insurance Company of America [hereinafter Safeco], is a Washington corporation engaged in the business of writing automobile liability insurance and qualified to do business in Mississippi.

## FACTS

The facts which serve as the foundation for the parties' quarrel are uncomplicated. The plaintiff owned two automobiles which were covered under a policy of liability insurance identified as number E983999 and issued through the Wayne Pitts Insurance Agency, a sales agent for Safeco. The policy provided for uninsured motorist coverage having a limit of $10,000.00 for each automobile.

On February 3, 1983, the plaintiff was involved in an automobile collision involving one of his insured vehicles and an automobile driven by Jerry Young. Young's automobile was covered by an insurance policy with State Auto Mutual Insurance Company which provided $10,000.00 liability coverage for personal injury and $2,500.00 for loss or damage to property. As a result of the accident plaintiff sustained serious medical injuries resulting in medical bills amounting to more than $50,-000.00. It is undisputed that the collision resulted from Young's negligence.

On February 3, 1983, Safeco was informed of the accident and assigned adjustor, Larry Donnahoo, to handle the case. On February 14, 1983, Donnahoo was informed by plaintiff's wife that State Auto Mutual Insurance Company had contacted her and confirmed its insurance coverage for the tortfeasor, Young. Further, Mrs. Smith told Donnahoo that plaintiff would handle his claim through State Auto Mutual. Finally, Mrs. Smith advised Donnahoo that she would be in touch with Safeco if she and plaintiff needed them. On May 12, 1983, the plaintiff informed Donnahoo that a settlement agreement had been entered into with State Auto Mutual Insurance Company for $10,000. Donnahoo then learned that a release had been signed by plaintiff on April 28, 1983, which released the tortfeasor, Jerry Young, as well as State Auto Mutual Insurance Company.

Approximately June 27, 1983, a demand letter was sent to Safeco by plaintiff seeking payment of uninsured motorist benefits as well as medical benefits.

In October of 1983, plaintiff filed suit against Safeco in the United States District

---

1. After a jury was empaneled to try this case, both sides announced to the Court their desire that the Court excuse the jury and resolve the issues on stipulated facts and briefs. Subsequently, the Court issued an opinion from the bench and advised the parties that a written opinion would be forthcoming.

Court for the Southern District of Mississippi, Jackson Division. In his suit, the plaintiff sought payment of medical benefits provided under his policy in addition to punitive damages. At trial and at the conclusion of plaintiff's proof, a directed verdict was entered on the issue of punitive damages. Without proceeding further in the trial, the parties then settled, and the defendant paid the medical payment benefits as provided for under the policy. The matter of punitive damages was appealed to the Fifth Circuit Court of Appeals and was dismissed.

Following trial, in November of 1984, plaintiff's attorney contacted the defendant requesting an amount of $20,000 as provided for under the uninsured motorist provision of plaintiff's policy with Safeco. After the claim was denied, on December 7, 1984, the plaintiff filed the instant lawsuit seeking uninsured motorist benefits.

### ISSUES

As previously mentioned, the issues which are dispositive of this matter are as follows: (1) whether the exclusionary clause contained within Safeco policy E983999 which excludes coverage when a settlement and release of the third-party tortfeasor is entered into without written consent of the insurer is applicable; and (2) whether the plaintiff, by filing two separate lawsuits arising out of a single cause of action, has split his claims, thereby barring recovery on the second suit.

### I. The Validity of the Exclusionary Clause

The pertinent exclusionary clause relative to this matter reads as follows:

This insurance does not apply:

(a) to bodily injury or property damage with respect to which the insured, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor.

■ The apparent validity of similar clauses contained within a policy of insurance has been recognized and upheld in this state on prior occasions: *U.S. Fidelity & Guaranty Company v. Hillman*, 367 So. 2d 914 (Miss.1979); *Thompson v. Aetna Insurance Co.*, 245 So.2d 206 (Miss.1971); *Twin States Insurance Company v. Bush*, 183 So.2d 891 (Miss.1966); *Chandler v. State Farm Mutual Automobile Insurance Company*, 200 Miss. 702, 28 So.2d 571 (1947). Designed to protect the right of subrogation of the insurer and premised upon § 83–11–107 [2], Miss.Code Ann., these policy provisions allow the insurer to seek recovery from the uninsured tortfeasor those sums which the insurer was required to pay because of the uninsured's negligence.

■ The defendant contends that the insured, Tony Smith, activated this exclusionary clause by releasing the tortfeasor without the defendant's consent.

In *U.S. Fidelity & Guaranty Company v. Hillman, supra*, satisfied that the provisions of a similar exclusionary clause were specific, clear and unambiguous, the Court enforced the exclusionary clause after finding that the insurer did not consent to, nor had a part in the settlement or in the execution of the release. The case of *Shepherd v. State Farm Mutual Automobile Insurance Company*, 607 F.Supp. 75 (S.D.Miss.1985), contains a similar finding.

Plaintiff herein seeks to escape the thrust of the holdings in *Hillman* and *Shepherd* by arguing that Donnahoo's knowledge that the Smiths were involved in negotiations with the tortfeasor constitutes a waiver of the applicability of the exclusionary clause. This Court rejects that assertion.

The stipulated facts clearly show that Donnahoo was not informed of the plain-

---

**2.** Section 83–11–107, Miss.Code Ann. states:
"An insurer paying a claim under the endorsement or provisions required by section 83–11–101 shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death, or damage to the extent that payment was made, including the proceeds recoverable from the assets of the insolvent insurer."

tiff's intent to release the tortfeasor. Donnahoo was left with the unmistakable impression that plaintiff would pursue his claim through the tortfeasor's insurer, and only if unsuccessful would plaintiff contact Safeco. In order to prove the existence of a waiver, the burden of proof rests with the plaintiff to show such waiver by clear and convincing evidence. *American Life Ins. Co. v. Barnett*, 51 So.2d 227 (Miss. 1951). *Also see: Michigan Miller's Mutual Ins. Co. v. Lindsey*, 285 So.2d 908 (Miss. 1973); *New Hampshire Ins. Co. v. Smith*, 357 So.2d 119 (Miss.1978). The conversation between Mrs. Smith and Donnahoo which both sides agree to the alleged substance of but differ as to the legal effects of the conversation is wholly insufficient to support a waiver of the exclusionary clause within the Safeco policy.

The Court has also considered the application of the doctrine of equitable estoppel in relation to plaintiffs' waiver argument. Having thoroughly searched the facts as presented by both sides, this Court finds no factual basis to sustain the imposition of the equitable estoppel doctrine. There is no proof that Safeco denied coverage in order to force the plaintiff to settle, nor is there proof that Safeco encouraged the plaintiff to settle with the tortfeasor in an effort to deny coverage.

Plaintiff then argues that this case is entitled to different consideration since this case involves an underinsured motorist as opposed to an uninsured motorist. Plaintiff contends that the law operates differently with regard to the two classes. This argument is of no merit as not only does the policy in question provide that the definition of "uninsured motor vehicle" includes "underinsured motor vehicle coverage," but Miss.Code Ann. § 83–11–103(c)(iii) (Supp.1986), provides underinsured motorist coverage to fall in the term "uninsured motor vehicle" as follows:

(c) The term "uninsured motor vehicle" shall mean:

(iii) An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for

its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage.

Finally, plaintiff asserts that subrogation should not figure into this matter because Safeco has not shown it has been prejudiced by the alleged unauthorized settlement and release of the underinsured tortfeasor. Plaintiff offers no supporting Mississippi authority for this proposition, and this Court has found no authority to indicate that Mississippi has adopted this theory. Accordingly, this Court is unpersuaded by this unsupported contention.

This Court finds that the law as stated in the case of *United States Fidelity and Guaranty Company v. Hillman*, 367 So. 2d 914 (Miss.1979), and the District Court's ruling in *Shepherd v. State Farm Mutual Automobile Insurance Company*, 607 F.Supp. 75 (D.C.Miss.1985), controls the disposition of this case. Plaintiff failed to abide by the terms of the policy, and by his failure he is now prevented from pursuing any recovery under the uninsured motorist provisions of the policy.

## II. Splitting the Cause of Action

■ Not only did plaintiff lose his right to uninsured benefits by releasing the tortfeasor, but this Court also finds that the plaintiff's second suit was barred when the plaintiff split his cause of action.

In *Duett v. Pine Manufacturing Co., Inc.*, 48 So.2d 490 (Miss.1950), the Court held that if a single cause of action is split and some component part of it is determined, such determination will bar further proceedings to recover upon the remaining component part. The Court also stated:

If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit. This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case.

 

In other words, a plaintiff should not be allowed to try his case piecemeal. *See: Garrett v. Mississippi State Highway Commission,* 115 So.2d 527 (Miss.1959); *Williams v. Patterson,* 34 So.2d 366 (Miss. 1948).

The plaintiff's reliance on *Rosso v. New York Life Ins. Co.,* 128 So. 343 (Miss.1930), is misplaced. The only similarity in *Rosso* and the case *sub judice* is that the separate premium amounts were set forth in the policy. The policy in *Rosso* clearly provided for two separate contracts of coverage, one for disability benefits, and the other for life insurance benefits. The causes of action in *Rosso* clearly accrued at different times, and the policy contained two separate contracts with entirely separate obligations on the insurer's part.

In the case before the Court, Safeco provided one policy of insurance providing an umbrella of automobile coverage. The plaintiff had but one cause of action. The plaintiff knew of his right to uninsured coverage prior to filing his first suit and indeed made demand for such coverage, yet in October of 1983 he chose to file suit only for medical benefits. His suit for uninsured motorist coverage could have and should have been brought at that time. After a trial on the issue of medical benefits, a settlement was reached on the medical benefits, and the matter of punitive damages was appealed to the Fifth Circuit. Judgments were eventually entered on both matters. Accordingly, plaintiff is now barred from proceeding in his second suit under the theory of "claim splitting."

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff having abrogated the rights of the insurer contrary to his obligations under the insurance policy by executing a release in favor of the tortfeasor is precluded from recovering uninsured motorist benefits from Safeco. Furthermore, the plaintiff's second suit is further barred on a finding that the plaintiff has split his cause of action.

IT IS, THEREFORE, ORDERED that judgment be entered in behalf of the defendant, Safeco Ins. Co. of America. Judgment shall be submitted in accordance with the local rules.

SO ORDERED AND ADJUDGED.