STATE OF LOUISIANA

COURT OF APPEAL

W IL, III

FIRST CIRCUIT

No. 2021 CA 0084

EDWARD LAFFERTY

VERSUS

NICHOLAS T. VAUGHN, TYLER A. VEAZEY, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY AND MISSISSIPPI FARM
BUREAU CASUALTY INSURANCE COMPANY

*Judgment Rendered:*   JUL 2 0 2021

********

Appealed from the 22nd Judicial District Court
In and for the Parish of Washington
State of Louisiana
Case No. 111598

The Honorable William J. Knight, Judge Presiding

********

| | |
|---|---|
| G. Brice Jones | Counsel for Plaintiff/Appellant |
| Paul D. Hesse | Edward Lafferty |
| L. Jason Cuccia | |
| Slidell, Louisiana | |
| | |
| Dan Richard Dorsey | Counsel for Defendant/Appellee |
| Patricia P. Barattini | Mississippi Farm Bureau Casualty |
| Covington, Louisiana | Insurance Company |

********

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J. Concurs and assigns reasons.
by ~

**LANIER, J.**

This matter is before us on appeal by plaintiff, Edward Lafferty, from the district court's summary judgment, dismissing his claims against defendant, Mississippi Farm Bureau Casualty Insurance Company ("Mississippi Farm Bureau"), with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of vehicular collision that occurred on January 20, 2017, in Pearl River County, Mississippi, when Mr. Lafferty was operating a vehicle, owned by The Estate of Edward T. Lafferty Revocable Trust, westbound on Highway 26. At the same time, Nicholas T. Vaughn was operating a vehicle, owned by Edward Friedlander[1] and insured by State Farm Mutual Automobile Insurance Company ("State Farm"), south on the exit off-ramp of I-59, preparing to turn west onto Highway 26. Mr. Vaughn failed to yield the right of way to Mr. Lafferty and struck the Lafferty vehicle in the right passenger door.

According to the record, Mr. Lafferty's counsel advised Mississippi Farm Bureau, Mr. Lafferty's underinsured/uninsured ("UM") insurer, that he represented Mr. Lafferty in connection with a possible UM claim resulting from the accident. In response thereto, counsel for Mississippi Farm Bureau informed Mr. Lafferty's counsel that if they "settle[d] with another person or insurer without [Mississippi Farm Bureau's] express written consent, then additional coverage, including uninsured motorist coverage, may be excluded."

Mr. Lafferty filed suit on January 11, 2018, seeking to recover damages for his injuries, naming, among others, Mississippi Farm Bureau. On February 2, 2018, Mississippi Farm Bureau was advised of a possible settlement with State Farm. On February 20, 2018, Mississippi Farm Bureau filed an answer, generally

---

[1] Although the owner of the vehicle Mr. Vaughn was operating is identified in the petition as Tyler A. Veazey, it is clear from the record that the true owner of the vehicle is Edward Friedlander.

denying Mr. Lafferty's allegations and asserting that the Mississippi Farm Bureau policy in question was issued in favor of The Edward T. Lafferty Irrevocable Trust in Mississippi and that Mississippi law governed all claims concerning the policy.

Thereafter, on February 27, 2018, Mr. Lafferty's counsel provided Mississippi Farm Bureau with additional information indicating that Mr. Lafferty had settled his claim directly the with the State Farm adjustor, but that executed affidavits of no other insurance were needed before the release and settlement agreement could be finalized. On March 2, 2018, Mr. Lafferty's counsel provided a copy of an affidavit of no other insurance executed on March 1, 2018, by Mr. Friedlander. However, according to the record, Mississippi Farm Bureau had no notice that a settlement agreement was finalized until after Mr. Lafferty provided answers to written discovery in January 2019, which prompted counsel for Mississippi Farm Bureau to inquire with the Washington Parish Clerk of Court's office as to whether there had been a dismissal filed. It was at this time that counsel for Mississippi Farm Bureau learned that a "Motion and Order of Partial Dismissal" was filed and signed on January 11, 2019, dismissing Mr. Vaughn, Mr. Veazey, Mr. Friedlander, and State Farm.[2] Moreover, according to the record, Mr. Lafferty executed the release on May 4, 2018, discharging Mr. Vaughn, Mr. Friedlander and his estate, and State Farm (hereinafter collectively referred to as "State Farm"), for the policy limits of $100,000.00.[3]

On July 29, 2019, Mississippi Farm Bureau filed a motion for leave to amend its answer to assert a defense based on the consent-to-settle exclusion of the policy. Leave was granted by the district court on July 29, 2019, and Mississippi

---

[2] According to the record, there was an identical prior "Motion and Order of Partial Dismissal" signed by the district court on June 11, 2018, and filed into the record on June 8, 2018. However, Mississippi Farm Bureau asserts it only discovered this earlier dismissal on review of the trial record, which was prompted by the appeal that is now before us.

[3] Mississippi Farm Bureau asserts that although Mr. Lafferty had provided it with a copy of the unexecuted release with its written discovery responses, it has never received a copy of the executed release from Mr. Lafferty.

3

Farm Bureau filed its supplemental and amended answer. In response thereto, Mr. Lafferty advised the district court that he opposed the motion for leave and requested that a hearing be set. The matter proceeded to hearing on September 20, 2019, at which time the district court heard argument from counsel and, adopting its previous order signed on July 29, 2019, ordered that Mississippi Farm Bureau be allowed to file its supplemental and amended answer. A judgment was signed accordingly on October 16, 2019.

In response to Mr. Lafferty's claims, Mississippi Farm Bureau filed a motion for summary judgment asserting that there was no genuine issue as to any material fact in dispute and that Mississippi Farm Bureau was entitled to summary judgment as a matter of law because the policy in question does not provide UM coverage for Mr. Lafferty's claims. Mississippi Farm Bureau argued that Mr. Lafferty failed to comply with the terms of the policy by failing to request or obtain the express written agreement of Mississippi Farm Bureau prior to settling.

Mr. Lafferty opposed the motion for summary judgment, arguing that there were genuine issues of material fact remaining that precluded summary judgment in this case. Although Mr. Lafferty did not dispute that Mississippi law should be applied to the insurance contract in question, he argued that under Mississippi jurisprudence, a valid consent-to-settle clause can be waived by the inaction of an UM insurer. He maintained that Mississippi Farm Bureau's conduct in this case constituted an implied waiver of the enforcement of the consent-to-settle clause.

Following a hearing on the motion for summary judgment, the district court signed a judgment on June 30, 2020, granting summary judgment in favor of Mississippi Farm Bureau and dismissing, with prejudice, all claims filed by Mr. Lafferty against Mississippi Farm Bureau. This appeal by Mr. Lafferty followed, wherein the following specifications of error were assigned for our review:

4

1.    The [district] court did not apply the correct legal standard under Mississippi jurisprudence as to an uninsured/underinsured motorist insurance carrier's obligations to maintain and enforce a consent-to-settle clause.

2.    The [district] court abused its discretion in granting a summary judgment where disputed material facts existed regarding whether Mississippi Farm Bureau's acts and omission constituted waiver of its consent-to-settle clause found within its policy.

3.    The [district] court abused its discretion in permitting Mississippi Farm Bureau to amend its answer to include new affirmative insurance policy defense almost 18 months after its original answer.

## AMENDMENT OF ANSWER

Mr. Lafferty argues on appeal that the district court erred in allowing Mississippi Farm Bureau to amend its answer "considering the lengthy delay filled with conduct completely inconsistent with the very defense they wished to supplement their answer with." He further asserts that Mississippi Farm Bureau failed to comply with the procedural requirements to file an amended answer.

Citing **Wallace v. Hanover Ins. Co. of New York**, 164 So.2d 111 (La. App. 1 Cir. 1964), Mr. Lafferty argues that Mississippi Farm Bureau failed to comply with the notice requirement of La. Code Civ. P. art. 1155 when it presented an *ex parte* motion and order for leave to file its supplemental and amended answer, rather than service by the sheriff in accordance with La. Code Civ. P. art. 1314. Mr. Lafferty further asserts that the rule and contradictory hearing were only set after his counsel filed a motion to set for hearing, noting the objection to the motion.

After an answer has been filed, the authorization of the filing of an amending petition or answer is within the discretion of the district judge. La Code Civ. P. arts. 1151 and 1155; **Barringer v. Robertson**, 2015-0698 (La. App. 1 Cir. 12/2/15), 216 So.3d 919, 926, writ denied, 2016-0010 (La. 2/26/16), 187 So.3d 1004. Thus, a district court's ruling granting an amendment to the pleadings will

not be disturbed on appeal unless an abuse of discretion has occurred that indicates a possibility of resulting injustice. **Plant Performance Services, LLC v. Harrison**, 2017-1286 (La. App. 1 Cir. 4/6/18), 249 So.3d 1, 9. Amendments should be permitted if: (1) the movant is acting in good faith; (2) the amendment is not being used as a delaying tactic; (3) the opponent will not be unduly prejudiced; and (4) the trial will not be unduly delayed. *Id.* Good faith is a reasonable belief that the facts alleged in the proposed amendment are true. **Barringer**, 216 So.3d at 926.

Whether Mississippi Farm Bureau's pleading entitled "Supplemental and Amended Answer" met the requirements of the Code of Civil Procedure hinges on whether the revision made in the pleading constitutes an "amendment" or "supplement." A supplemental pleading differs from an amended pleading in that an amended pleading involves matters that occurred before the original complaint was filed, which were either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading covers issues or causes of action that have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. **Harris v. Union Nat. Fire Ins. Co.**, 2014-1603 (La. App. 1 Cir. 6/18/15), 175 So.3d 1008, 1012. Under La. Code of Civ. P. art. 1151, "[a] defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the ... answer may be amended only by leave of court or by written consent of the adverse party." La. Code Civ. P. art. 1151. On July 29, 2019, the district court signed an order that Mississippi Farm Bureau was "allowed to file the First Supplemental and Amended Answer." Thus, it appears that the requirements of Article 1151 were satisfied.

However, under La. Code of Civ. P. art. 1155, a pleading may be supplemented "on motion of a party, upon reasonable notice and upon such terms

6

as are just." La. Code Civ. P. art. 1155. Thus, if the supplemental and amended answer constituted a supplement to the answer, we must look to the specific facts and circumstances of this case to determine whether the procedural requirements of Article 1155 were met and whether the district court abused its discretion in allowing Mississippi Farm Bureau to file same. See **Harris**, 175 So.3d at 1012-1013; see also, **Wallace**, 164 So.2d at 119-120.

The circumstances of this case are unique. Although it is clear that counsel for Mississippi Farm Bureau did not request that a hearing be set on its motion for leave to file the supplemental and amending answer, shortly after the motion was filed, counsel for Mr. Lafferty notified the district court of his intent to oppose said motion and requested that the matter be set for hearing. According to the record, the parties appeared before the district court on September 20, 2019, to address several matters, including the motion for leave to file the supplemental and amended answer. After hearing from the parties and considering the motions and memoranda filed in the matter, the district court ordered that the previous order, which was signed on July 29, 2019, and allowed Mississippi Farm Bureau to file its supplemental and amended answer, be adopted. A judgment in accordance with the court's findings was signed on October 16, 2019.

Based on our review of the record, we can see no prejudice to the rights of Mr. Lafferty by the action of the district court in allowing Mississippi Farm Bureau to file its "First Supplemental and Amended Answer." Although the procedure utilized in this case was unusual, Mr. Lafferty's opposition to Mississippi Farm Bureau's motion for leave of court to amend was heard by the district court before the October 16, 2019 judgment was signed by the district court. Accordingly, we find no abuse of discretion by the district court in granting Mississippi Farm Bureau's motion for leave of court to amend and supplement its answer.

7

## SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1 Cir. 7/18/18), 255 So.3d 16, 21, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. The Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La. C.C.P. art. 966(D)(1). The mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. La. C.C.P. art. 966(A)(4). Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claims, actions, or defenses if he will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1); **Horrell v. Alltmont**, 2019-0945 (La. App. 1 Cir. 7/31/20), 309 So.3d 754, 758. The moving party must only point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1); **Celotex Corp. v. Catrett**, 477 U.S. 317, 332, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986); **Mercadel v. State Through Department of Public Safety and Corrections**, 2018-0415 (La. App. 1 Cir. 5/15/19), 2019 WL 2234404, at *5-6 (unpublished).

The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its opposition, which

8

establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); see also La. C.C.P. art. 966, comments-2015, comment (j). If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. **Babin v. Winn-Dixie Louisiana, Inc.**, 2000-0078 (La. 6/30/00), 764 So.2d 37, 40.

In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Jackson v. Wise**, 2017-1062 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 850, writ denied, 2018-0785 (La. 9/21/18), 252 So.3d 914. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.**, 2017-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 445, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062.

As the mover, Mississippi Farm Bureau had the burden of proof on summary judgment; however, because Mississippi Farm Bureau would not bear the burden of proof at trial, Mississippi Farm Bureau was only required to point out to the district court the absence of factual support for one or more elements of Mr. Lafferty's claim. See La. Code Civ. P. art. 966(D)(1). Citing Mississippi law and its own policy language, Mississippi Farm Bureau pointed out that it does not provide UM coverage to any insured who settles the bodily injury or property damage claim without its express written agreement.

As provided for by Mississippi law, an "uninsured motor vehicle" can be defined as either a "motor vehicle as to which there is no bodily injury liability

9

insurance" or an "insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage." Miss. Code Ann., §83-11-103(c)(i) and (iii). In the instant case, the parties agree that for the purposes of the motion for summary judgment, Mr. Lafferty met the definition of an insured under the Mississippi Farm Bureau policy and that the vehicle Mr. Vaughn was driving met the definition of an underinsured vehicle. Moreover, there is no dispute concerning the existence of the consent-to-settle clause in the Mississippi Farm Bureau policy. Thus, the remaining questions before this court are whether Mr. Lafferty obtained Mississippi Farm Bureau's consent prior to the settlement with State Farm or whether Mississippi Farm Bureau's actions constituted an implied waiver of the enforcement of the consent-to-settle clause.

The Mississippi Supreme Court has noted that insurance policies are contracts, and as such, they are to be enforced according to their provisions. **United States Fidelity & Guar. Co. v. Knight**, 882 So.2d 85, 92 (Miss. 2004). Speaking further to the relationship between insurance companies and their insured, the **Knight** court concluded:

> Insurance companies and their insureds have a different relationship than most contracting parties. For instance, both share the same agent. And other than speaking to and through the common agent, they seldom communicate.
>
> Certainly, insurance policies are to be enforced according to their provisions. And insurance companies must be able to rely on their statements of coverage, exclusions, disclaimers, definitions, and other provisions, in order to receive the benefit of their bargain, and to ensure that rates have been properly calculated. A rate calculated in reliance on an exclusion will, in most instances, be incorrect where courts invalidate the exclusion. But where the policy grants discretion to the insurance company, it must be exercised reasonably.
>
> Today, we reaffirm and expand this Court's previous holding in **United States Fidelity and Guaranty Co. v. Hillman**, 367 So.2d 914 (Miss. 1979), where we held that "where the uninsured motorist

statutes grant an insurer the right of subrogation and a provision in the policy precludes settlement with an uninsured motorist without the consent of the insurer, the provision of the policy is valid and will be upheld." *Id.* at 921.

*Id.* at 92-93.

The consent-to-settle clause in the Mississippi Farm Bureau policy provides as follows:

**PART C - UNINSURED MOTORIST COVERAGE**
**INSURING AGREEMENT**

**A.** We will pay compensatory damages which any **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

   **1.** **Bodily injury** sustained by any **insured** and caused by an auto accident, but only if the Declarations indicate that Uninsured Motorist Coverage for **bodily injury** applies; and

   **2.** **Property damage** caused by an auto accident, but only if the Declarations indicates that Uninsured Motorist Coverage for **property damage** applies.

. . . .

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorist Coverage for **bodily injury** or **property damage** sustained by any **insured**:

   **1.** If any **insured** or their legal representative settles the **bodily injury** or **property damage** claim without our expressed written agreement.

In support of the motion for summary judgment, Mississippi Farm Bureau submitted Mr. Lafferty's answers to interrogatories; Mr. Lafferty's deposition; and two affidavits by Stacy N. Crosby, District Claims Manager for Mississippi Farm Bureau, one of which was fact based and one that certified the policy attached to the affidavit as a true and correct copy of the policy in question. Mr. Lafferty attached the following in support of his opposition to Mississippi Farm Bureau's motion for summary judgment: the affidavit of Linda Deogracias, a legal assistant assigned to Mr. Lafferty's file, with attached emails regarding the purported

11

settlement between Mr. Lafferty, Mr. Vaughn, Mr. Friedlander and his estate, and State Farm; a copy of the petition for damages that Mr. Lafferty filed in this matter; a copy of Mississippi Farm Bureau's original answer; and a copy of the notice of deposition of Mr. Lafferty, to be taken on March 14, 2018.

In granting Mississippi Farm Bureau's motion for summary judgment, the district court offered the following:

> Well, I candidly don't like the result, but unfortunately, I think it is the result under the Mississippi precedence [sic]. I think without the express written consent of the company that the exclusion does apply.
>
> I want the waiver argument to carry today because I frankly don't feel like it's a fair result, but I just can't get in my mind a genuine issue of material fact, so motion for summary judgment is granted.

Citing **Murriel v. Alfa Ins. Co.**, 697 So.2d 370 (Miss. 1997), <u>overruled on other grounds by</u> **United States Fid. & Guar. Co. v. Knight**, 882 So.2d 85 (Miss. 2004), Mr. Lafferty argues on appeal that Mississippi Farm Bureau's acts and omissions constituted a waiver of the consent-to-settle clause in its policy. In **Murriel**, the plaintiff sought a waiver of the UM insurer's subrogation rights prior to accepting the limits of the tortfeasor's policy. The Mississippi Supreme Court held that the UM insurer had notice of plaintiff's request for waiver of subrogation rights, concluding as follows:

> While the validity of written consent provisions is not in dispute here, we recognize the potential for misuse of these provisions evidenced today. Insurers cannot hold hostage coverage that an insured has paid for and is so entitled to receive. We hold that an insurer may waive any right to invoke the consent defense when the insurer does not respond within a reasonable time to an insured's request for consent.

**Murriel**, 697 So.2d at 372. While the Court recognized that written consent-to-settle clauses "are certainly essential for the protection of the insurer's subrogation rights," the UM insurer's action failed to "give a reasonable response to a request for such consent." *Id.* Thus, it seems clear that **Murriel** only comes into play when

12

the insured has made a request for the UM insurer's consent and the insurer fails to reasonably respond to a request for such consent. As is discussed more fully below, we believe that Mr. Lafferty failed to bring forth sufficient evidence that he would be able to show that he requested consent to settle from Mississippi Farm Bureau in the instant case.

Mississippi Farm Bureau argues that the facts of this case are more clearly aligned with **Hillman**, *supra*. In **Hillman**, the insured sustained injuries when a truck driven by an uninsured motorist collided with his vehicle. Without the knowledge of his insurer, the insured executed a release of the uninsured motorist. The policy in question stated that the UM coverage did not apply "to bodily injury to an Insured with respect to which such insured ... shall, without written consent of [the insurer], make any settlement with any person or organization who may be legally liable therefor." **Hillman**, 367 So.2d at 916. The **Hillman** court held that since the insured had violated an unambiguous provision of the policy and had, in releasing the UM motorist, foreclosed the insurer's subrogation rights guaranteed by Mississippi's UM statutes, recovery from the insured must be denied, noting as follows:

> It is undisputed that the insurer not only did not consent to, but had no part in the settlement between [the insured] and [the UM motorist] or in the execution of the release by [the insured] and that the insurer knew nothing of either. ...
>
> The clear and unambiguous provisions of the insurance contract, the subrogation right vested in the insurer by statute, under principles announced and adhered to by this Court for many years, require that recovery against the insurer under the circumstances of this case be denied.

*Id.* at 922.

The validity of similar clauses contained within a policy of insurance has been recognized and upheld in Mississippi. See **Walker v. Allstate Ins. Co.**, 193 F.3d 516 (5th Cir. 1999); **Thompson v. Aetna Ins. Co.**, 245 So.2d 206 (Miss.

13

1971); **Twin States Ins. Co. v. Bush**, 183 So.2d 891 (Miss. 1966); **Chandler v. State Farm Mut. Auto. Ins. Co.**, 200 Miss. 702, 28 So.2d 571 (1947). Designed to protect the right of subrogation of the insurer and premised upon Miss. Code Ann., §83-11-107,[4] these policy provisions allow the insurer to seek recovery from the uninsured tortfeasor those sums that the insurer was required to pay because of the uninsured's negligence. **Smith v. Safeco Ins. Co. of America**, 704 F.Supp. 111, 113 (S.D. Miss. 1988), aff'd, 863 F.2d 403 (5th Cir. 1989).

After a *de novo* review of the evidence submitted for the purpose of the motion for summary judgment, we first find that Mississippi Farm Bureau, as the moving party, met its initial burden to point out the absence of factual support for one or more of the essential elements of Mr. Lafferty's claim—that its policy language clearly does not allow for UM coverage to any insured who settles the bodily injury or property damage claim without its express written agreement. Mr. Lafferty then failed to come forward with evidence establishing that there is a genuine issue of material fact that either he obtained Mississippi Farm Bureau's written consent prior to settling with State Farm, or that Mississippi Farm Bureau's actions constituted an implied waiver of the enforcement of the consent-to-settle clause.

The clear and unambiguous provisions of the policy in question requires the conclusion that Mr. Lafferty has waived any right to UM coverage in this case by failing to obtain the written consent of Mississippi Farm Bureau prior to settling his claims with State Farm. Mr. Lafferty seeks to avoid the plain language of the policy by arguing that Mississippi Farm Bureau's knowledge that he was in the

---

[4] Mississippi Code Annotated, §83-11-107 provides, in pertinent part:

> An insurer paying a claim under the endorsement or provisions required by Section 83-11-101 or Section 83-11-102 shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death, or damage to the extent that payment was made, including the proceeds recoverable from the assets of the insolvent insurer.

process of settling his claim with State Farm constitutes a waiver of the applicability of the consent-to-settle clause in the policy. We reject this assertion.

In his affidavit, Mr. Crosby attested to the following regarding Mississippi Farm Bureau's knowledge of Mr. Lafferty's purported settlement with State Farm:

> 8. After plaintiff's Petition for Damages was filed, on February 2, 2018 plaintiff's attorney advised that defendant liability insurer State Farm might be paying their $100,000 policy limits, followed by additional information provided on February 27, 2018 that plaintiff had settled directly with the State Farm adjuster so she would not have to hire counsel, that a declarations page, settlement check and release had been provided by State Farm to plaintiff's counsel but executed affidavits of no other insurance were needed and the release would not be executed until such time that affidavits were executed by the driver and the owner of the uninsured/underinsured vehicle, followed by plaintiff's counsel on March 2, 2018 providing a copy of an affidavit executed on March 1, 2018 by the at-fault vehicle owner ....
>
> 9. Mississippi Farm Bureau Casualty Insurance Company had no notice that the settlement agreement was finalized between plaintiff Edward Lafferty with the defendant driver ... and owner ... of the other uninsured/underinsured vehicle involved in the accident sued upon and/or with defendant State Farm Mutual Automobile Insurance Company as their liability insurer until on or about January 15, 2019 when plaintiff provided his Answers to Interrogatories, particularly Answer to Interrogatory Number 25, and Mississippi Farm Bureau inquired and was advised by the Washington Parish Clerk's office that plaintiffs Motion and Order for Partial Dismissal ... was filed and signed on January 11, 2019.
>
> 10. At no time during the claims process and at no time during the course of this litigation since the filing of plaintiffs Petition for Damages on January 11, 2018, did either the plaintiff, any legal representative of plaintiff or any attorney representing plaintiff ever contact any representative of Mississippi Farm Bureau Casualty Company or their attorney to request expressed written agreement to settle and/or obtain expressed written agreement to settle his claims ....

While it is true that in February 2018, Mississippi Farm Bureau was notified of a possible settlement with State Farm, and in March 2018, one of the necessary affidavits of no insurance was forwarded to counsel for Mississippi Farm Bureau, the remaining documents needed for the completed release and settlement were never provided. In fact, it was only through its own investigation that Mississippi Farm Bureau even learned of the dismissal concerning State Farm that was filed on

15

January 11, 2019. Moreover, the earlier dismissal dated June 11, 2018, was only discovered once the appeal record was prepared. There is absolutely no evidence of a request by Mr. Lafferty, or his counsel, for the written consent of Mississippi Farm Bureau prior to either of the dismissals being executed.

It is undisputed that not only did Mississippi Farm Bureau not consent to the settlement, but it had no part in the settlement between Mr. Lafferty and State Farm or in the execution of the release by Mr. Lafferty. See **Hillman**, 367 So.2d at 922. Mr. Lafferty failed to abide by the terms of his policy. Because Mississippi Farm Bureau never consented to the settlement, Mr. Lafferty is precluded from pursuing any recovery under the UM provisions of the Mississippi Farm Bureau policy.

## CONCLUSION

For the above and foregoing reasons, we affirm the June 30, 2020 judgment of the district court, granting summary judgment in favor of defendant, Mississippi Farm Bureau Casualty Insurance Company, and dismissing, with prejudice, all claims filed by plaintiff, Edward Lafferty, against Mississippi Farm Bureau Casualty Insurance Company. We assess all costs of this appeal against plaintiff/appellant, Edward Lafferty.

**AFFIRMED.**

EDWARD LAFFERTY

VERSUS

NICHOLAS T. VAUGHN, TYLER A. VEAZEY, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY AND MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurs.**

The facts of this case are troublesome and seem inconsistent with the notion of fair play. Nevertheless, I am constrained to find the majority's conclusion to be legally correct. The language of the contract in this case clearly required written consent to settle. However, as recognized in **Murriel v. Alfa Ins. Co.**, 697 So.2d 370 (Miss. 1997), overruled on other grounds by United States Fid. & Guar. Co. v. Knight, 882 So.2d 85 (Miss. 2004), the consent-to-settle clause is subject to waiver under certain circumstances.

In this case, Mississippi Farm Bureau was advised on February 27, 2018 by plaintiff's counsel that a possible settlement had been reached, subject only to receipt of an affidavit of no other insurance. On March 2, 2018, counsel provided the affidavit of no other insurance to Mississippi Farm Bureau. Therefore, it is clear that Mississippi Farm Bureau was aware that plaintiff was in the process of executing a settlement of the claim with the underlying carrier. The release was not signed until May 4, 2018, allowing more than sixty days for Mississippi Farm Bureau to raise an objection to the settlement and/or take appropriate action to protect its subrogation rights.

Plaintiff argues that based on these facts and applying **Murriel**, the consent-to-settle clause was waived. In **Murriel**, 697 So.2d 370, Mississippi recognized that when an insurance contract contains a consent-to-settle and said consent is requested, the clause may be waived by action or inaction on the part of the insurer. However,

because there was no explicit request for consent in the case before us, I agree with the majority that **Murriel** is distinguishable. Therefore, I cannot say that the consent-to-settle clause was waived by Mississippi Farm Bureau's inaction regarding the pending settlement. Accordingly, I respectfully concur.