278 So.2d 428 (1973)
Whitson RAMPY et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 47127.
Supreme Court of Mississippi.
May 14, 1973.
Rehearing Denied June 5, 1973.
*430 Charles C. Finch, D. Briggs Smith, Jr., M. Collins Bailey, Richard T. Phillips, Batesville, for appellants.
Wise, Carter, Child, Steen & Caraway, William M. Dalehite, Jr., Jackson, Murray L. Williams, Water Valley, for appellee.
*429 RODGERS, Presiding Justice.
This action originated as a suit in contract against the appellee, State Farm Mutual Automobile Insurance Company, to enforce the provisions of an uninsured motorist policy issued to the driver of an automobile in which appellants' decedent was killed. The trial was conducted before the Circuit Court of the Second Judicial District for Yalobusha County, Mississippi. At the conclusion of appellants' presentation of their case, the court granted State Farm's motion for a directed verdict based upon appellants' failure to give State Farm notice of a prior tort action prosecuted in Federal District Court in Tennessee against the uninsured tort-feasor.
The accident in question occurred in Shelby County, Tennessee, on July 13, 1968. On that date, Doris Rampy, a resident of Water Valley, Mississippi, was a guest passenger in an automobile operated by Dianne Wooten, also of Water Valley. The Wooten vehicle was exiting from Interstate Highway 240 in Memphis, Tennessee, when an automobile operated by a Tennessee resident, William Alvin Diffee, collided with the rear of the Wooten automobile. A few hours after the accident, Miss Rampy died in a Memphis hospital of injuries sustained in the accident.
On July 1, 1969, the heirs of Doris Rampy, appellants herein, filed a wrongful death action against William Alvin Diffee in United States District Court for the Western District of Tennessee, Western Division. As a result of this tort action, appellants were awarded a forty thousand dollar ($40,000.00) judgment against Diffee. In attempting to execute this judgment, it became apparent that Diffee carried no liability insurance and was otherwise impecunious.
Subsequent to prosecution instituted by the State of Tennessee, Diffee pled guilty to a charge of involuntary manslaughter and was sentenced to eleven (11) months and twenty-nine (29) days in the Shelby County, Tennessee penal farm. Considering the admissions made in Diffee's deposition as well as the other testimony presented in the record, there is ample evidence to show that Diffee's negligence was the proximate cause of the automobile accident which caused Doris Rampy's death.
On March 2, 1970, appellants filed this action in the Circuit Court of Yalobusha County, Mississippi, in an effort to recover under the terms of an uninsured motorist policy issued to Joe Dean Wooten, the owner of the vehicle in which Miss Rampy sustained her fatal injuries. At the conclusion of appellants' case, State Farm moved for a directed verdict, alleging that appellants had failed to give notice to State Farm of the institution of the Tennessee tort action, and that due to the expiration of the Tennessee one-year statute of limitations on tort actions, State Farm had lost its rights of subrogation. In granting appellee's motion for a directed verdict, the circuit judge stated:
"The insurance contract pertinent to this action coupled with the provisions of Section 8285-53 and Section 8285-54 of the Mississippi Code of 1942, Recompiled, provides that notice to the insurer shall be given in any action, as defined therein, in order that the said insurer shall have the opportunity to protect its *431 rights by attempting to join in a defense of such action and the ultimate rights of subrogation."
In their appeal to this Court, appellants argue that the lower court committed reversible error in granting appellee's motion for a directed verdict. Appellants also contend that the trial court erred in applying the Tennessee tort statute of limitations to a Mississippi contract action, and in holding that appellants' failure to serve a copy of the summons on the insurance company in the Tennessee case was a bar to the present contract action.
The issues raised in this appeal with regard to the lower court's interpretation of the notice and subrogation provisions of the Uninsured Motor Vehicle Act [Mississippi Code 1942 Annotated Section 8285-51 et seq. (Supp. 1972)] are matters of first impression for this Court. After diligent consideration of the issues presented in this case, we are of the opinion that the trial court was in error in sustaining appellee's motion for a directed verdict. We, therefore, reverse the judgment of the trial court for the reasons hereafter shown.
The two Code sections on which the appellee bases its grounds for a directed verdict are in the following language:
"In the event the owner or operator of the uninsured vehicle causing injury or death is known and action is brought against said owner or operator by the named insured as defined by said policy, then a copy of the process served upon the owner or operator shall also be served by the circuit clerk mailing, registered mail, a copy of the process to the insurance company issuing the policy providing the uninsured motorist coverage as prescribed by law.
If the owner or operator of any motor vehicle which causes bodily injury to the insured be unknown, the insured, or someone on his behalf, or in the event of a death claim, someone on behalf of the party having such claim, in order for the insured to recover under the endorsement, shall report the accident as required by Section 8285-04, Mississippi Code of 1942, Recompiled." § 8285-53, Miss.Code 1942 Ann. (Supp. 1972.)
and
"An insurer paying a claim under the endorsement or provisions required by Section 1 [§ 8285-51] shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage, to the extent that payment was made; including the proceeds recoverable from the assets of the insolvent insurer; provided, that the bringing of an action against the unknown owner or operator or the conclusion of such an action, shall not constitute a bar to the insured, if the identity of the owner or operator who caused the injury or damages complained of becomes known, provided, that in any action brought against such owner or operator, the insurance company that has previously made payment as a result of the policyholder's claim against such owner or operator shall be mailed a copy of the summons issued for the defendant or defendants, and that any recovery against such owner or operator shall be paid to the insurance company to the extent that such insurance company paid the named insured in the action brought against such owner or operator, except that such insurance company shall pay its proportionate part of any reasonable costs and expense incurred in connection therewith, including reasonable attorney's fees." § 8285-54, Miss.Code, 1942 Ann. (Supp. 1972).

I.
In order to more fully understand the reasoning adopted by this Court with regard to the interpretation of Mississippi's Uninsured Motor Vehicles Act, it is appropriate to recall the history and purposes of uninsured motorist coverage in general. Uninsured motorist coverage or "family protection insurance", as it is sometimes *432 called, came into existence in 1956 at the behest of insurance companies in an effort on the part of the automobile insurance industry to alleviate some of the problems associated with the rapidly increasing number of uninsured vehicles. In effect, the uninsured motorist policy idea was adopted by the insurance industry as an alternative to publicly administered judgment-funds and compulsory insurance programs. Genesis of Uninsured Motorist Coverage, 32 Atl.L.J. 341 (1968). See J. Donaldson, Uninsured Motorist Coverage, 36 Ins. Coun.J. 397 (1969); D. Fairgrave and K. Forney, Uninsured Motorist Coverage, 31 Ins.Coun.J. 665 (1964).
In any case, many states, including Mississippi, now require that all automobile liability policies issued in the state include an uninsured motorist endorsement; thus, Mississippi Code 1942 Annotated Section 8285-51 (Supp. 1972) states:
"No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Act, as amended, under provisions approved by the Commissioner of Insurance. Provided, however, that the coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that, unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer." § 8285-51, Miss.Code 1942 Ann. (Supp. 1972).
In interpreting similar, if not identical statutes, the vast majority of jurisdictions have stated that the purpose of such uninsured motorist laws is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers. A fine pronouncement of the policy considerations underlying uninsured motorist legislation is as follows:
"A provision, drawn by the insurer to comply with the statutory requirement of uninsured motorist coverage, must be construed in light of the purpose and policy of the statute. Such a provision, drawn in pursuance of a statutorily declared public policy, is enacted for the benefit of injured persons traveling on the public highways. Its purpose is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. Such provisions are to be liberally construed to accomplish such purpose. 7 Am.Jur.2d, Automobile Insurance, s. 135, p. 460; Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817; Storm v. Nationwide Mutual Ins. Co., 199 Va. 130, 97 S.E.2d 759, 69 A.L.R.2d 849; Travelers Indemnity Co. v. Kowalski, 233 Cal. App.2d 607, 43 Cal. Rptr. 843; Mills v. Farmers Ins. Exchange, 231 Cal. App.2d 124, 41 Cal. Rptr. 650; State Farm Mutual Automobile Ins. Co. v. Brower, 204 Va. 887, 134 S.E.2d 277." Stephens v. Allied Mutual Insurance Company, 182 Neb. 562, 156 N.W.2d 133, 136-137 (1968).
See also Continental Insurance Co. v. Wallace, 233 So.2d 195, 196 (3d Dist.Ct. App.Fla. 1970); Indiana Insurance Company v. Noble, 265 N.E.2d 419, 426 (Ind. App. 1970); Webb v. State Farm Mutual Automobile Ins. Co., 479 S.W.2d 148, 151 (Mo. Ct. App. 1972); Jones v. Southern Farm Bureau Casualty Company, 251 S.C. 446, 163 S.E.2d 306, 309 (1968) (Bussey, J., Dissenting).

*433 II.
The appellee argues on appeal that the family of Doris Rampy should not be allowed to collect the proceeds available under the uninsured motorist endorsement on the Wooten policy since the Rampys failed to give State Farm notice of the Tennessee tort action. It is argued, therefore, that since the Tennessee statute of limitations on torts had expired prior to State Farm's knowledge of the Rampy tort action, State Farm no longer enjoys rights of subrogation against the uninsured motorist. We disagree with the contentions of appellee for several reasons.
Without pausing to point out in detail that Section 8285-53, supra, obviously means process in suits begun in Mississippi courts and it is not a requirement to be performed by clerks of foreign courts, we move directly to the issue presented.
We take special note of the fact that Mississippi Code 1942 Annotated Section 8285-53 (Supp. 1972) of the Uninsured Motor Vehicles Act states that when the named insured brings an action against the uninsured tort-feasor, notice of the suit will be given to the insurer. It is significant that this Code section specifies the named insured as opposed to, for instance "all of those seeking to recover under the uninsured motorist endorsement," (as is the case with the family of Doris Rampy). We must, therefore, hold that Mississippi Code 1942 Annotated Section 8285-53 (Supp. 1972) does not require persons seeking to recover under the uninsured motorist provisions of an automobile liability policy to have given the insurer notice of a previous tort action against the uninsured motorist, unless the insured is a "named insured" in the liability policy, and then only when substantial prejudice to the rights of the insurer would result but for notice to the insurer from a party seeking to recover under the uninsured motorist endorsement on the judgment obtained in the tort action.
If the legislature had not intended that the notice be given by the "named insured," a contracting party, the legislature would have in effect imposed an impossible burden on persons who were not contracting parties and who did not have possession of the insurance policy, and could not notify an insurance company of which they had no knowledge about a suit against a negligent motorist, especially when they were ignorant of the fact that he was uninsured.
In the instant case, there is no indication in the record that appellants knew or had reason to believe that the tort-feasor was either uninsured or impecunious at the time the Tennessee tort action was filed. Apparently, appellants did not discover that the tort-feasor was uninsured and, for all practical purposes, judgment proof until after appellants' unsuccessful attempt to obtain execution of the Tennessee judgment. Since State Farm is in no way bound in terms of liability on the uninsured motorist policy by virtue of the Tennessee judgment, it appears that the appellants' failure to give notice to State Farm in no way resulted in prejudice to State Farm.
The courts in several other jurisdictions have examined the notice requirements of their statutes, which have often closely resembled those existing in Mississippi. For instance, in McDaniel v. State Farm Mutual Automobile Ins. Co., 205 Va. 815, 139 S.E.2d 806 (1965), the Supreme Court of Appeals of Virginia held:
"The uninsured motorist legislation is remedial in nature, enacted for the benefit of injured persons and is to be liberally construed so that the purpose intended may be accomplished. Storm v. Nationwide Ins. Co., 199 Va. 130, 135, 97 S.E.2d 759, 762, 69 A.L.R.2d 849; State Farm Mutual v. Brower, 204 Va. 887, 892, 134 S.E.2d 277, 281.
Moreover, it would place a difficult, if not impossible, burden on the plaintiff to *434 require him to ascertain in advance of bringing his suit that the insurance company which had issued a liability policy to the defendant had denied coverage thereunder." 139 S.E.2d at 809-810.
See also Gunnels v. American Liberty Insurance Company, 251 S.C. 242, 161 S.E.2d 822 (1968); P. Pretzel, Uninsured Motorists §§ 25.3-25.4, at 77-81 (1972). But cf. 7 Am.Jur.2d Automobile Insurance § 137, at 464 (1963); 19 G. Couch, Cyclopedia of Insurance Law 2d §§ 82.1:6-82.1:7, at 1072-1073 (1968).

III.
The appellee's argument that the insurer has lost a valuable right of subrogation against the defaulting Tennessee motorist in the instant case is not realistic, even if the deceased were a "named insured", because the testimony shows that the uninsured motorist was an indigent, sometimes called "... an impecunious derelict, someone who is mere flotsam and jetsam floating on the sea of economic irresponsibility." [Lovering v. Erie Indemnity Company, 412 Pa. 551, 195 A.2d 365 (1963)]. Moreover, the burden of proof is upon the insurer to show prejudice, because of the failure of the named insured to have process issued.
It is widely recognized that:
"The burden of proof is upon the insurer to show not only that the insured has failed to perform the terms and conditions invoked upon him by the policy contract but in addition that it was substantially prejudiced thereby. Pharr v. Canal Ins. Co., 233 S.C. 266, 104 S.E.2d 394, and Crook v. State Farm Mutual Ins. Co., 235 S.C. 452, 112 S.E.2d 241." Squires v. National Mutual Insurance Co., 247 S.C. 58, 145 S.E.2d 673, 677 (1965).
In California, the following test has been adopted in determining whether or not the insurer has suffered "substantial prejudice" on account of the insured's failure to give timely notice:
"We hold, therefore, that an insurer, in order to establish it was prejudiced by the failure of the insured to cooperate in his defense, must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured's favor. A less stringent standard would not be consonant with our holding in Campbell [Campbell v. Allstate Insurance Company, 60 Cal.2d 303, 32 Cal. Rptr. 827, 384 P.2d 155 (1963)] that the insurer has the burden of showing it was substantially prejudiced by the insured's failure to cooperate." Billington v. Interinsurance Exchange of So. Cal., 71 Cal.2d 728, 79 Cal. Rptr. 326, 331, 456 P.2d 982, 987 (1969). (Parenthesis added)
There can be no question that the foregoing test of "substantial prejudice" imposes a very stringent burden of proof on the insurer. Nonetheless, considering the remedial purpose underlying our Uninsured Motor Vehicles Act, we are inclined to hold that the insurer must demonstrate to the satisfaction of the Court that the outcome of the insured's action against the uninsured tort-feasor would have been radically altered had the "named insured" complied with the notice provisions of Mississippi Code 1942 Annotated Section 8285-53 (Supp. 1972).

IV.
In the case of Harthcock v. State Farm Mutual Automobile Ins. Co., 248 So.2d 456 (Miss. 1971) this Court had an opportunity to examine Section 8285-55, Mississippi Code 1942 Annotated (Supp. 1972).
This Code section is in the following language:
"No such endorsement or provisions shall contain a provision requiring arbitration of any claim arising under any such endorsement or provisions. The insured *435 shall not be restricted or prevented in any manner from employing legal counsel or instituting or prosecuting to judgment legal proceedings, but the insured may be required to establish legal liability of the uninsured owner or opertor." § 8285-55, Miss.Code 1942 Ann. (Supp. 1972).
In interpreting the foregoing Code section, we stated:
"The last clause of this section does not require a suit against the uninsured motorist before recovery may be made by the insured; this clause only requires that the insured may be required to establish legal liability of the uninsured motorist. This can be done in a suit by the insured against the insurance company issuing the policy providing the uninsured motorists coverage. That was done in this case. The suit of the plaintiff in this case is on the contract of insurance. If suit is brought by an insured against the uninsured motorist it would be in tort. The joining of a suit in tort with one on a contract may not be maintained in this jurisdiction. Plaintiff could not have sued James P. Horne and the two insurance companies in the same suit." 248 So.2d at 460.
Therefore, appellee's argument is without merit wherein it contends that recovery under the uninsured motorist policy should be disallowed since the insurance company did not receive notice of the Tennessee tort action until the suit was concluded and the Tennessee one-year statute of limitations had expired. Here, appellants do not seek to use the Tennessee judgment as a basis for establishing State Farm's liability under the uninsured motorist policy (as in a garnishment proceeding). Furthermore, there is no indication that State Farm's interests have been prejudiced in any way by appellants' single-handed prosecution of the Tennessee tort action.
In summation, we hold as follows:
(1) Section 8285-53, Mississippi Code 1942 Annotated (Supp. 1972) is directory and not mandatory.
(2) The process required in a suit against the uninsured motorist applies only to the "named insured", one of the contracting parties. See Section 8285-52, Mississippi Code 1942 Annotated (Supp. 1972).
(3) In order to invoke a forfeiture against a "named insured" by an insurance company for the failure to have process served upon the insurance company in a suit against an uninsured motorist, it is necessary for the insurance company to show that it has been prejudiced because of the lack of notice.
(4) In any case, the failure to give a copy of the process to the insurance company of the original suit against an uninsured motorist does not work a forfeiture of the right to sue the insurance company under the uninsured motorist clause in the contract, unless the judgment obtained is used as the basis of a suit or garnishment against the insurance company sought to be charged.
(5) It is not necessary to first sue the faulting motorist in order to establish liability under the uninsured motorist clause in the policy, but suit may be brought directly against the insurance company under its insurance contract in the first instance.
The judgment of the trial court is hereby reversed and judgment entered here in favor of the appellants against the appellee State Farm Mutual Automobile Insurance Company in the sum of three thousand three hundred thirty-three dollars and thirty-three cents ($3,333.33), the balance of the money due under its uninsured motorist clause after having paid two other persons injured in the above mentioned accident.
Reversed and rendered.
INZER, SMITH, ROBERTSON and WALKER, JJ., concur.