Our statutes providing for uninsured motorist insurance and workers' compensation are intended to be liberally construed so as to provide coverage to an insured or claimant. The majority, however, has taken this "shield of protection," twisted it into a sword and plunged it into the heart of the claimant herein. We must remember that uninsured motorist coverage and workers' compensation, in many respects, provide entirely separate types of coverage. Uninsured motorist coverage, a contract by statute, is based on the fault of an uninsured driver. It provides compensation for wrongful death, total lost *Page 990 
wages and pain and suffering, both past and future, as well as loss of society or companionship. Workers' compensation, however, is based on a "no-fault" insurance contract. It was designed as a remedial measure to provide immediate relief for claimants injured on the job and therefore provides only limited minimal coverage for lost wages and medical care, but excludes such factors as pain and suffering and loss of companionship.
Uninsured motorist coverage is one of many optional comprehensive benefits an employer may provide for his employees as well as for himself. The employer may elect or reject uninsured motorist coverage for himself and his employees. By finding that recovery under an employer's uninsured motorist policy is precluded by the exclusivity of the workers' compensation remedy, the majority denies the employer the opportunity to provide himself or his employees the additional protection for which he has paid.
I disagree, therefore, with the majority's construction of the language "legally entitled to recover" in the uninsured motorist statute. Moreover, a third party insurer should not be able to invoke the exclusivity of the workers' compensation remedy as a defense to the payment of an uninsured motorist claim for which it has contracted. Accordingly, I dissent.
 I.
The estate of Elmer Franklin, Sr., the patient being transported at the time of the accident, recovered $300,000.00 under Williams Ambulance Service's liability insurance policy. However, compounding the tragedy of Clarence Medders' death, his family received only $2,000.00 in Workers' Compensation funeral expenses. The funeral cost $3,369.00. Under the majority's decision, the Medders family cannot even recover the cost of Clarence's funeral, let alone damages for loss of companionship or society. Moreover, the majority has opined that the family is precluded from recovering $125,000.00 in uninsured motorist benefits from Williams' insurer because of the exclusivity of the workers' compensation remedy.
 II.
In 1967, the legislature adopted the Mississippi Uninsured Motorist Vehicle Act, Miss. Code Ann. § 83-11-101 et seq. The Uninsured Motorist Act requires that no liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement provision undertaking to pay to the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner oroperator of an uninsured motor vehicle. The Uninsured Motorist Act was, in fact, largely a response to the insurance industry's lobby to alleviate problems with the increasing number of uninsured drivers on the roads. Therefore, uninsured motorist coverage was adopted as an alternative to either compulsory insurance programs or publicly administered judgment funds.Rampy v. State Farm Mutual Auto. Ins. Co., 278 So.2d 428, 432 (Miss. 1973).
We have recognized that the damages an individual is legally entitled to recover under an uninsured motorist policy are limited to only those items of compensation specifically enumerated in the statute: bodily injury, death and property damage. State Farm Mutual Auto. Ins. Co. v. Daughdrill,474 So.2d 1048, 1051 (Miss. 1985). Because punitive damages were not expressly provided for in the initial statute or its amendments, the Daughdrill court found they were necessarily excluded.Id. Although the Workers' Compensation Act was adopted in 1948, the legislature, in drafting the Uninsured Motorist Act, made no provision, express or implied, for the exclusion of coverage in situations where workers' compensation benefits were applicable. The message in Daughdrill is clear — "a statute which enumerates and specifies the subjects or things upon which it is to operate, is to be construed as excluding from its effect those subjects not expressly mentioned or included under a general clause." Id. Since the legislature has had more than twenty-five years to make such an exclusion or exception, but has chosen not to, it obviously did not intend for any uninsured motorist claim to be precluded because of workers' compensation. *Page 991 
In Rampy, we recognized that the uninsured motorist statute is to be liberally construed in favor of the insured to afford coverage wherever possible. Id. at 432. We further explained:
 [a] provision, drawn by the insurer to comply with the statutory requirement of uninsured motorist coverage, must be construed in light of the purpose and policy of the statute. Such a provision, drawn in pursuance of a statutorily declared public policy, is enacted for the benefit of injured persons traveling on the public highways.
Id., quoting 7 Am.Jur.2d Automobile Insurance § 135.
Likewise, in State Farm Mutual Auto. Ins. Co. v. Nester,459 So.2d 787, 792 (Miss. 1984), we observed that applicability of coverage is to be viewed from the perspective of the injured party, stating that "[i]t must always be noted that uninsured motorist coverage is designed for the benefit of insureds and not insurers." Id. at 792, citing Couch on Insurance, 2d Ed., § 45:624 at 35-36. The Nester Court further recognized that uninsured motorist coverage is required to be offered with all bodily injury liability policies. Because legislators have directed that our state motorists be so protected, every automobile liability insurance policy issued after January 1, 1980, has also provided de jure for uninsured motorist coverage of at least the statutory minimum, unless the insured expressly rejected that coverage. Any attempt to contractually limit an insured's duty of coverage is necessarily confined to the boundaries of the statute and may not be effected to narrow the requirements of that statute. Id. at 789. The Nester Court recognized that the statute defines an "uninsured motorist vehicle" as "a motor vehicle as to which there is an insured's existence but the insurance company writing the same has legally denied coverage" as well as an operator of a vehicle who has no insurance." Id. at 789-790.
Like the Uninsured Motorist statute, the Workers' Compensation statutes are intended to serve a beneficent purpose. Time and again, we have said that these statutes are to be construed liberally with any doubt resolved in favor of compensation.Robinson v. Packard Electric Div., General Motors Corp.,523 So.2d 329 (Miss. 1988); Barham v. Klumb Forest Products Center,Inc., 453 So.2d 1300 (Miss. 1984). Pitting these statutes against one another, the majority succeeds only in eviscerating the beneficent purposes each was intended to serve.
 III.
The majority holds that the "clear meaning" of the languagelegally entitled to recover limits the scope of recovery under uninsured motorist coverage to those instances where the insured, at the time of his injury, would be entitled to recover through legal action, thus barring coverage where the alleged tortfeasor claims immunity from liability. This implies that the insured must actually seek a judgment against the uninsured motorist before establishing a claim. We rejected that idea in Harthcockv. State Farm Mutual Automobile Insurance Co., 248 So.2d 456, 460 (Miss. 1971). Instead, the phrase "shall be legally entitled to recover" should be construed to mean that the injured party must be able to establish fault on the part of the uninsured motorist and then is entitled to recover whatever damages are allowed by law. The Nester Court cited with approval Judge Keady's opinion in Preferred Risk Mutual Insurance Company v.Poole, 411 F. Supp. 429 (N.D.Miss. 1976), aff'd 539 F.2d 574
(5th Cir. 1976). In Poole, three co-employees were killed in an accident while returning home from a job site in Tennessee. It was established that they were acting within the scope of their employment at the time of the collision. Heirs of the two passengers in the vehicle brought suit in state court, while Preferred Risk sought a declaratory action in federal court to determine whether it was liable. The District Court found that the insurer was so obligated, and cited the Uninsured Motorist Vehicle Act as the basis for its decision.
 The Uninsured Motorist Vehicle Act, it is to be noted, is a distinct form of motorist insurance legislatively devised to cover certain motorist-connected losses where liability insurance otherwise would not obtain. . . . *Page 992 
 It is interesting to observe that under the Act, unlike traditional automobile liability insurance, the tort claimant need not first obtain judgment against the owner or operator of the uninsured automobile, for the "suit may be brought directly against the insurance company under its insurance contract in the first instance." Rampy v. State Farm Mutual Automobile Ins. Co., 278 So.2d 428, 435 (Miss. 1973); Harthcock v. State Farm, supra. It also needs no citation that the Act is to be liberally construed to maximize the humanitarian coverage it provides.
 The Act's operative command is that the insurer must undertake "to pay the insured [as defined in the Act] all sums which he shall be legally entitled to recover from the owner or operator of an uninsured motor vehicle. . . ."
411 F. Supp. at 436-37 (emphasis added).
In Harthcock, supra, we likewise stated that the purpose of the uninsured motorist provision in a policy is to provide the insured with a means of collecting that which he is legally entitled to recover for bodily injuries caused by an accident arising out of ownership, maintenance or use of an uninsured automobile. Id. at 459. This provision must be construed from the perspective of the injured insured, from whose standpoint a tortfeasor operating an automobile with no insurance available is an uninsured motorist. Id. at 458. See also Nester, 459 So.2d at 790; Poole, 411 F. Supp. at 439. Whether there is no insurance at all or a policy that is incapable of being applied to satisfy his claim because the tortfeasor's insurer lawfully disclaims liability, the injured insured is entitled to recover.
Other jurisdictions have construed the phrase "legally entitled to recover damages" so as to permit recovery under uninsured motorist policies even in those situations where the parties at fault raised immunity defenses analogous to the exclusivity of remedies provision in the Workers' Compensation statute. The Alabama Supreme Court, in State Farm Mutual Automobile InsuranceCo. v. Baldwin, 470 So.2d 1230, 55 A.L.R.4th 797 (Ala. 1985), a case of first impression, refused to allow the government tort immunity granted by Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), to apply to uninsured motorist cases even though it agreed that the Feres doctrine precluded recovery from the government or its operator under a liability insurance policy.[1] Sergeant Baldwin was injured during the course of his duties on a military base when his motorcycle was struck by a government vehicle driven by a civilian employee of the United States Government. He and his wife sought to recover under their own uninsured motorist policies with State Farm. Finding that the purpose of Alabama's Uninsured Motorist Act was to protect those financially and ethically responsible enough to obtain automobile liability insurance from injuries caused by those not so responsible, the Court defined the phrase "legally entitled to recover damages" as follows:
 [t]he insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages . . . and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability.
Baldwin, 470 So.2d at 1233.
In Allstate Insurance Company v. Elkins, 77 Ill.2d 384, 33 Ill.Dec. 139, 396 N.E.2d 528 (1979), where a wife claimed uninsured motorist benefits for injuries sustained as a result of her husband's negligent driving, the lower court held that she was not legally entitled to recover damages from her husband because of the interspousal immunity provisions of the statute and, therefore, was not entitled to any uninsured motorist benefits.[2] The interspousal immunity provision *Page 993 
applied only in those situations where one spouse was attempting to recover in tort from the other spouse and was not applicable to a claim based on a contractual writing against a third person, the insurance company, for uninsured motorist benefits. The Appellate Court, however, reversed the holding that the defense of interspousal immunity could be raised by a third party, and stated: "[t]he words legally entitled to recover mean that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages." Id. 33 Ill.Dec. at 141, 396 N.E.2d at 530. The Illinois Supreme Court affirmed the Appellate Court and allowed recovery, stating as follows:
 An analysis of the cases shows that recovery has been permitted when the claimant shows conduct on the part of the tortfeasor/spouse which would entitle the claimant to recover damages even though a defense available to the tortfeasor would defeat actual recovery. Thus, in Guillot v. Travelers Indemnity Co., (La. App. 1976), 338 So.2d 334, it was held that the doctrine of interspousal immunity did not bar the wife's recovery under an uninsured motorist endorsement because the defense was personal to the tortfeasor/spouse and was not available to his insurer. In De Luca v. Motor Vehicle Accident Indemnification Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966) and Sahloff v. Western Casualty and Surety Co., 45 Wis.2d 60, 171 N.W.2d 914 (1969), it was held that although the uninsured motorist, in an action against him, could have availed himself of a defense, based upon the statute of limitations, that defense was not available to his insurer.
 * * * * * *
 We agree with the Appellate Court that the proper interpretation of the words, "legally entitled to recover", means that the claimant must be able to prove the elements of her claim necessary to entitle her to recover damages. That the tortfeasor uninsured motorist in an action brought against him might be in a position to invoke a defense limitation or some form of statutory immunity is relevant to the question of the right to enforce payment, but does not affect the claimant's legal entitlement to recovery. In interpreting the provisions of an insurance policy, the intent of the parties is the most significant factor and any ambiguity should be construed in favor of the insured. Kaufmann v. Economy Fire and Casualty Co., 76 Ill.2d 11, [27 Ill.Dec. 742] 389 N.E.2d 1150 (1979). As we have heretofore noted, the parties are in agreement that the exclusion contained in the liability provision of the policy served to render defendant's husband an uninsured motorist. We find it difficult to agree that it was the intent of the parties that the exclusion invoked the uninsured motorist coverage and at the same time precluded recovery by the injured spouse on the basis of statutory interspousal immunity.
33 Ill.Dec. at 141-142, 396 N.E.2d at 530-531 (emphasis added).
In Barfield v. Barfield, 742 P.2d 1107 (Okla. 1987), where the decedent's family could not recover against the employer's insurance company, his family was allowed to recover under his uninsured motorist policy. The Court specifically held that:
 (1) husband and driver were employees, rather than independent contractors; (2) exclusivity provisions of the Workers' Compensation Act precluded action against driver's estate; and (3) widow's receipt of workers' compensation benefits did not preclude recovery under husband's uninsured motorist policy.
Likewise, in Porter v. Shelter General Insurance Company,678 F. Supp. 151 (S.D.Miss. 1988), it was held that an employee's recovery under his own uninsured motorist policy could not be reduced below the statutory minimum of $10,000 by the amount he had received from his employer's workers' compensation carrier for injuries sustained during the course of his employment which were caused by an uninsured motorist. The Court, however, set off the amount he had *Page 994 
recovered under workers' compensation against the supplemental benefits he had contracted for, over and above the statutory minimum.
In the alternative, if workers' compensation is the exclusive remedy as to an employer by an employee, can a third party who contracts with the employee have standing to invoke the exclusive remedy of workers' compensation? When USF G wrote the coverage for Williams Ambulance Service's, it knew that Williams, a sole proprietorship, also provided workers' compensation insurance for its employees, yet included an express exclusion in the uninsured motorist policy. It appears that it was the intent of the parties to exclude the insurer from liability under the uninsured motorist policy in those situations where an employee's injury might be covered by workers' compensation. In the case subjudice, USF G has interpleaded the compensation exclusion issue. Our case law suggests that the heirs of Williams and Medders, not USF G, are the only parties with standing to raise the issue.
In Cossitt v. Nationwide Ins. Co., 551 So.2d 879 (Miss. 1989), an employee of Morrison Heights Baptist Church received $25,000.00 in workers' compensation benefits after she was injured on the job in an accident caused by an uninsured motorist. She also sought to recover under Morrison Heights' uninsured motorist policy. The workers' compensation carrier then intervened, seeking to recover the benefits it had paid from the uninsured motorist benefits the employee was entitled to recover. Cossitt, the injured employee, contended that § 71-3-71, giving the employer the right to recover against any other party responsible for such injuries or death, is limited to third party tortfeasors and does not extend to give a right of recovery against the employer's uninsured motorist carrier and thus, that Nationwide did not take the place of the actual tortfeasor. 551 So.2d at 886. We held that the circuit court erred in allowing the workers' compensation carrier to intervene and recover the injured employee's share of the uninsured motorist benefits.Id. at 887. Cossitt is distinguishable from the case subjudice only because the employee was injured by a third-party uninsured motorist, not a co-employee. What is the difference?
Similarly, in Bowen v. Majic Mart of Corinth, 441 So.2d 548
(Miss. 1983), we held that a workers' compensation carrier could not reduce its benefits to the employee by the amount already paid to her through her own personal policy of health and accident insurance. Bowen is in line with the decisions of the majority of jurisdictions which have barred such recovery by workers' compensation carriers against the workers' own uninsured motorist coverage. Cossitt, 551 So.2d at 886. See also, 2A Larson, Workmen's Compensation Law, § 71.23(a).
In Cossitt we stated that "[t]here was no provision in the employment contract or plan between Cossitt and Morrison Heights Baptist Church or Nationwide that any recovery under the Nationwide policy by any employee would be credited to the employer/carrier against workers' compensation benefits." Id.
at 886. Likewise, in Harris v. Magee, 573 So.2d 646 (Miss. 1990), an employee was killed when his employer's truck, which he was repairing, was struck by an uninsured motorist. The same insurance company carried the employer's uninsured motorist policy as well as its workers' compensation coverage. We found that the carrier, after paying workers' compensation benefits to the deceased employee's family could not credit that payment toward the uninsured motorist benefits for which it was also obligated. Id. at 655-656. This brings many questions to mind. What if the Medders' co-employee, the driver of the ambulance, had personal uninsured motorist coverage? Would his family have been precluded from recovering under that policy over and above what they received under the workers' compensation death benefit? Had Medders' employer provided him with a life insurance policy, would today's decision preclude benefits because of the exclusivity of the workers' compensation remedy?
Medders' employer voluntarily elected uninsured motorist benefits; he could have rejected coverage. Once he contracted with his employees to so provide, he had a duty to make sure that he and his insureds were covered by the statutorily mandated coverage. *Page 995 
Had Mr. Williams, Medders' employer, been injured or killed in the accident, I seriously doubt whether he would have been excluded from coverage under the uninsured motorist policy. Under today's decision, the majority allows exclusions from coverage in situations where an employer believes that he has secured coverage for himself and his employees. The benefit Williams provided to his employees is comparable to disability or life insurance. Workers' compensation is not an exclusive remedy to avoid those obligations. When an employee is injured or killed on the job, the employer voluntarily pays those benefits for which he has contracted over and above the workers' compensation benefits. The majority errs, therefore, in stating that the payment of workers' compensation claims precludes recovery under the employer's uninsured motorist policy. To allow such an exclusion to stand is contrary to the intent and purpose of the uninsured motorist statute, and suggests that the exclusivity of workers' compensation bars eligibility for any other benefits the employer may voluntarily provide.
As distinguished from uninsured motorist coverage, workers' compensation is a remedial measure which covers only certain specified expenditures, medical expenses, and a minimal amount of lost wages over a limited period of time. It does not provide compensation for pain and suffering, or other damages accompanying a serious injury or death. Compensation for these losses are separate from what may be claimed under workers' compensation and thus, available only under the uninsured motorist coverage provided by the employer. Further, the majority's ruling in this case does not affect the employee's ability to recover under his own uninsured motorist coverage. Why, then, should he not be able to recover under his employer's policy?
Accordingly, the definition of "shall be legally entitled to recover" should be construed to mean that the injured party must be able to establish fault on the part of the uninsured motorist. Once he has done so, he is entitled to recover whatever damages are allowed by law. I would, therefore, reverse the case and hold that workers' compensation is not the exclusive remedy available to the Medders family and that a third party insurer cannot invoke the exclusivity of the workers' compensation remedy as a defense to payment on uninsured motorist policies for which it has contracted.
DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr., J., join this opinion.
[1] Under the Feres doctrine, no cause of action can arise against the United States government or its employees for injuries sustained by a member of the military occurring in the course of active military service.
[2] In Glaskox v. Glaskox, 614 So.2d 906 (Miss. 1992), we abolished parental immunity in those cases where a minor is injured in a vehicular accident caused by his parent's negligence. We recognized in Glaskox that any litigation is, in reality, between the child and the parent's insurance carrier, not between the parent and child. Id. at 911.